IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOYCE McKENZIE and
WILLIAM C. REFFITT,

    Plaintiffs,

v.                            Civil Action No. 5:07CV148
                                                (STAMP)
CITY OF WHEELING,
OFFICER MARRINER
and ACE GARAGE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO DISMISS OF DEFENDANTS
CITY OF WHEELING AND ACE GARAGE**

I.  Procedural History

The plaintiffs, Joyce McKenzie and William C. Reffitt, commenced this civil action in the Circuit Court of Ohio County, West Virginia alleging that the City of Wheeling, Ace Garage and Officer Marriner violated their civil rights by towing a vehicle from their property without prior notice and by refusing to release the vehicle without payment of towing and storage fees. The defendants removed the case to this Court, and Ace Garage filed a motion to dismiss. Thereafter, by agreement of the parties, Officer Marriner was voluntarily dismissed as a defendant. Following Officer Marriner's dismissal, the plaintiffs filed a first amended complaint recognizing Officer Marriner's stipulated dismissal and amending certain claims. Subsequently, the City of

Wheeling filed a motion to dismiss to which the plaintiffs responded in opposition and to which the City replied.

## II. Facts

On October 18, 2005, Officer Marriner of the City of Wheeling Police Department directed that a 1994 Dodge Ram van owned by the plaintiffs be seized and towed from 601 Market Street, Wheeling, West Virginia, a property owned by the McKenzie family. According to the first amended complaint, Officer Marriner informed plaintiff McKenzie that the van was towed because "kids could climb on the vehicle and get hurt." The van was towed to Ace Garage in Wheeling, West Virginia. The plaintiffs allege that when they requested that the van be returned, they were informed that they must first pay a towing and storage fee. The plaintiffs assert that they are unable to pay such fee and that the defendant's refusal to release the van constitutes conversion and a civil rights violation.

## III. Legal Standard

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts

which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim

and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

Ace Garage and the City of Wheeling ("the defendants") argue in their motions to dismiss that the plaintiffs' claims must be dismissed as time-barred. This Court agrees.

The applicable statute of limitations for an action filed pursuant to 42 U.S.C. § 1983 is based on the state limitations period applicable to personal injury actions. Wilson v. Garcia, 471 U.S. 261 (1985). Under West Virginia law, the statute of limitations for a personal injury action is two years. W. Va. Code § 55-2-12. Accordingly, a two-year statute of limitations applies to the plaintiffs' § 1983 claim. Additionally, the applicable statute of limitations for the plaintiffs' state law conversion claim is also two years. W. Va. Code § 55-2-12 (a).

In this case, the plaintiffs' van was towed on October 18, 2005. The plaintiffs did not file suit until November 1, 2007, two years and two weeks after the towing. The plaintiffs contend that their claims for wrongful detention of the van did not accrue until they made a demand that the vehicle be returned and the demand was refused by the defendants. The plaintiffs assert that their demands for return of the vehicle were made within the two year statute of limitations period. In support of their position, the plaintiffs rely on Milby v. United States, 172 F. Supp. 2d 606

(W.D. Pa. 2001) and Koch Petroleum Group, L.P. v. Alliant Energy Indus. Servs., Inc., 280 F. Supp. 2d 628 (S.D. Texas 2003). Milby and Koch are inapposite. First, the accrual of the taxpayer action in Milby was governed by the Internal Revenue Code, which is irrelevant in this case. Second, although the Koch case did involve an action for conversion, the circumstances of the conversion are wholly distinct from the circumstances in this case. In Koch, the parties negotiated a contract for the sale of land and certain oil storage tanks. When the transfer took place, the seller forgot about roughly 72,000 barrels of oil that were stored in the tanks and that were not expressly conveyed by the sales contract. When the seller realized its mistake, it demanded a return of the oil and the buyer refused. The Court found that the statute of limitations began to run on the seller's conversion claim when the buyer refused to return the oil. Koch is not instructive in this case because it involved the application of the discovery rule to the seller's claim for conversion. In this case, the discovery rule does not benefit the plaintiffs because they discovered their injury (the towing and retention of their van) on the day that the van was towed.

It is well-settled that the question of when a cause of action accrues under § 1983 is a question of federal law. Nassim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995), cert denied, 516 U.S. 1177 (1996). "Under federal law, a cause of

action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id.  In this case, the plaintiffs should have been aware of their alleged injuries on the day that their van was towed.  Because the van was towed on October 18, 2005 and the plaintiffs did not file the instant suit until November 1, 2007, the plaintiffs' claims are time-barred under the applicable two year statutes of limitations. Accordingly, the defendants' motions to dismiss must be granted because the plaintiffs fail to state a claim upon which relief can be granted.

## V. Conclusion

For the above reasons, defendant Ace Garage's motion for dismissal is GRANTED and defendant City of Wheeling's motion to dismiss is GRANTED.  Defendant Officer Marriner has been previously dismissed from this civil action.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     June 16, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE